INTERSTATE AMUSEMENT COMPANY *v.* PAULI.

Opinion delivered April 21, 1913.

PRINCIPAL AND AGENT—AUTHORITY OF AGENT.—Authority to employ a contractor to furnish all the individual players for an orchestra necessarily included the authority to employ any particular individual player.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk*, Judge; affirmed.

*Bradshaw, Rhoton & Helm,* for appellant.

*Robert L. Rogers* and *Terry, Downie & Streepey,* for appellee.

KIRBY, J.   This is a suit by appellee to recover from the appellant a balance of salary, $240.00, claimed to be due him as a musician under his contract with defendant for the season from October, 1911, to June 1, 1912.   It was alleged that he was employed for the season at a salary of $20.00 per week; that on January 8, 1912, he was discharged without cause.

The answer denied that he was employed for the season at the wages claimed; admitted that he did play in the orchestra at the Majestic Theater in the city of Little Rock for a time; alleged that he was discharged because he was wholly incompetent and unfit to perform the services he was required to give; that he was paid in full to the time of his discharge.

The testimony shows that appellee was a boilermaker and worked in the railroad shops at Argenta; that one Mr. Epstein, claiming to be the agent of appellant company, came from Fort Worth, Texas, and engaged him for the season of 1911 and 1912 to play the piano in the orchestra at the Majestic Theater for $20.00 per week; that he began work on October 8, and continued until January 8, when he reported for duty and was told there was a man employed to take his place, and also, that his discharge came through Mr. Epstein.   The manager of the orchestra told him that he had been notified by telegram from Mr. Epstein.   Rosenthal was the leader of the orchestra at the time, and gave him notice of his discharge.   It appears that there had been trouble and dissatisfaction with the orchestra at the Majestic Theater, and Epstein, who had known Pauli before, went to and talked with him about taking the place of the piano player, which Pauli stated he could not do unless the employment was for that season, as otherwise he could not afford to quit the employment in which he was already engaged.   Epstein denied having made the contract with Pauli for the season of 1911 and 1912, but admitted that he did talk with the orchestra leader about his employment, and some of his letters were introduced in testimony relative thereto.   The amusement company denied

the authority of Epstein to engage Pauli as the piano player. It appears from the testimony that Epstein was the musical director for the Interstate Amusement Company which furnished music for the different theaters in its circuit; that upon dissatisfaction of the musicians' union at Little Rock with certain players in the orchestra, he came to Little Rock to adjust the differences and arrange for the furnishing of music at the Majestic Theater; that while here, the contract was made with Pauli. There is enough testimony to show that Epstein was the musical director of the Interstate Amusement Company, with authority to employ orchestras for the different theaters controlled by his company upon the circuit, of which the Majestic was one, and, that it was his practice to make a contract with a particular person to furnish the orchestra and the music for each theater, such person being expected and allowed to procure individual performers for the orchestra. The testimony is further sufficient to support the finding that he made the contract with Pauli as claimed by him for the season of 1911 and 1912, and that he knew at the time of Pauli's accomplishment and skill as a piano player, and also of his deficiencies. Since Epstein was the agent of the amusement company with authority to provide the orchestra for the Majestic Theater, the fact that he was expected to employ some particular person as a contractor, who would employ the individual players in the orchestra and pay them, did not prevent his having the authority to employ an individual performer himself. Having the right to employ the contractor to furnish the individual performers and the music, is greater and necessarily included the lesser right to suggest to the contractor that he desired a particular performer in the orchestra, and to refuse to make a contract with such contractor if he declined to employ the individual suggested. The authority to employ the contractor to furnish all the individual players for the orchestra necessarily included the authority to employ any particular individual performer.

It is conceded in the briefs that appellee is entitled to recover the amounts claimed if he is entitled to recover at all.

Only a question of fact is presented in this case, and we do not deem it material to set out the testimony at further length, it being sufficient as already said to warrant the court's finding.

The judgment is affirmed.